IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

LESLIE J. HUGGINS                                                    PLAINTIFF

v.                                                  CAUSE NO: 1:22-CV-112-SA-DAS

KEYTRONIC CORP., and
AYRSHIRE ELECTRONICS OF
MISSISSIPPI, LLC.                                                   DEFENDANTS

ORDER

On August 15, 2022, Leslie Huggins commenced this action against KeyTronic Corporation and Ayrshire Electronics of Mississippi, LLC. In her Complaint [1], Huggins alleges that she was terminated from her job for opposing racial discrimination. She seeks relief under 42 U.S.C. § 1981 and Title VII. Now before the Court is the Defendants' Motion to Dismiss, or alternatively, for More Definite Statement [4]. Having reviewed the parties' filings, as well as the relevant authorities, the Court is prepared to rule.

*Relevant Background*

Huggins is a white female who was previously employed by the Defendants.[1] She worked for the Defendants for approximately three years—beginning in the Human Resources Department and eventually being transferred to a Program Administrator position, which was her position at the time of her termination.

Huggins alleges that she was terminated because she opposed racial discrimination against black people. She further contends that she began making complaints beginning in June 2021 and

---

[1] For context, in her Complaint [1], Huggins does not name the specific plant where she physically worked. She does, however, allege that "Defendants Key Tronic and Ayrshire were Plaintiff's employer. They are either the same company or are joint employers. Defendant Key Tronic controls all employees of Defendant Ayrshire. Defendants are a single integrated employer." [1] at p. 2.

continuing until July 2021. Huggins specifically contends that she observed and complained about patterns of racial discrimination against black persons. Not only did Huggins complain about the racial discrimination, but according to her Complaint [1], she was also listed as witness in an EEOC charge filed by a former black employee, Jessica Carter.

Huggins alleges that Debra Perry, a Human Resources employee, is the main perpetrator of the discrimination. According to Huggins, "Perry consistently treated black and white employees differently, routinely denying unemployment benefits for black persons but not for white persons . . . Perry did not hire any black persons into the office since she came to the Human Resources Department." [1] at p. 3. Although Perry claims she does not recall any complaints Huggins made about racial discrimination against black people, Huggins contends that Perry "[t]old another employee transferring into the department, that the employee should be wary of [Huggins] because [Huggins] would 'call corporate' on her." [1] at p. 4. Additionally, Huggins alleges that the Human Resource Department sent out an anonymous survey, which was not truly anonymous, in which Huggins mentioned the racial discrimination that she had observed.

Huggins was terminated on September 21, 2021, approximately three months after complaining about the racial discrimination and shortly after filling out the survey. Perry was present at the time Huggins was terminated. After she was terminated, Huggins was denied unemployment benefits. The Defendants contend that benefits were denied because Huggins had been previously written up for poor performance. The Defendants further contend that a meeting had been previously held to discuss Huggins' behavior and performance. According to Huggins, she had never received a write up and the meeting that was held was unrelated to her work performance. Huggins alleges that any information relating to her being reprimanded about her work performance was fabricated. Huggins contends that the only logical reason she was

2

terminated was because she opposed racial discrimination against black people.

The Defendants filed a Motion to Dismiss, or alternatively, for More Definite Statement [4], initially urging the Court to dismiss the lawsuit pursuant to Federal Rule of Civil Procedure 12(b)(6) or require Huggins to file an amended complaint containing a more definite statement under Rule 12(e). In their Reply [18], the Defendants concede that Huggins' Response [17] provided *some* clarity to her purportedly vague allegations, but they nevertheless assert that she should still be required to provide a more definite statement.

*Analysis and Discussion*

Based on the Defendants' Reply [18], they are no longer seeking dismissal under Rule 12(b)(6). However, the Defendants still request that the Court require Huggins to file an amended complaint providing a more definite statement pursuant to Rule 12(e).

Pursuant to Federal Rule of Civil Procedure Rule 12(e), "a party may move for a more definite statement of pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e). A Rule 12(e) motion may be appropriate "[i]f a pleading fails to specify the allegations in a manner that provides sufficient notice" to a defendant. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514, 122 S. Ct. 992, 998, 152 L. Ed. 2d 1 (2002).

In determining whether to require a plaintiff to provide a more definite statement, courts consider the pleading requirements of Rule 8. *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959). In *Mitchell*, the Fifth Circuit held that "in such a situation it becomes important that great care must be used in passing on a motion for more definite statement. In view of the great liberality of F.R.Civ.P. 8, permitting notice pleading, it is clearly the policy of the Rules that Rule 12(e) should not be used frustrate this policy by lightly requiring a plaintiff to amend his

complaint which under Rule 8 is sufficient to withstand a motion to dismiss." *Id.*

In their Motion [4], the Defendants request that the Court require Huggins to file an amended complaint because it is unclear whether Huggins is pursuing a retaliation claim or whether she intends to proceed under some other theory. The Defendants, in their original Memorandum [5] and in their Reply [18], contend that that it *appears* Huggins is alleging a claim for retaliation. The Defendants maintain the position that it is unclear whether Huggins is alleging retaliation because in her Response [17] Huggins alleges "[t]hat she has 'pled a *prima facie* case of discrimination', although she does not appear to claim discrimination based upon her race or gender." [18] at p. 2 (citing [17] at p. 6). The Defendants further argue that "ultimately it is unclear from the current filings what comprises the alleged discrimination, or whether Plaintiff is claiming (but mischaracterizing) claims of retaliation." [18] at p. 6.

Conversely, Huggins does not explicitly state that she is alleging a retaliation claim against the Defendants. In fact, she never uses the word "retaliation" in her Complaint [1] or her Response [17]. Instead, Huggins uses words such as "adverse employment," "protected activity," and cites *Brown v. Wal-Mart Stores East, L.P.*, 969 F.3d 571 (5th Cir. 2020)—a case that sets forth a *prima facie* case of retaliation. *See* [17]. Although it appears Huggins is suing under the theory of retaliation, her Response [17] states, "in this case, Huggins has, in fact, pled a *prima facie* case of *discrimination.*" [17] at p. 6 (emphasis added). This statement causes the Court some concern, as it is unclear whether Huggins contends to pursue a general discrimination claim, a retaliation claim, or both.

Furthermore, although not specifically emphasized by the Defendants, the Court notes that when asked to categorize her discrimination on her EEOC Charge form, Huggins did *not* check the "retaliation" box. Instead, Huggins checked the "other" box and as means of specification she

provided the word "opposition." Additionally, on her EEOC Charge form, Huggins stated, "[I] both emailed and spoke to the corporate human resources director during June and July 2021, concerning the *race discrimination and retaliation that was occurring*." [1], Ex. 1 at p. 1 (emphasis added). While this undoubtedly may have been in connection with the underlying conduct and not any adverse action directed toward Huggins, it further underscores the lack of clarity as to what theory of liability Huggins is pursuing.

Huggins has certainly alleged a considerable amount of facts and may have a viable claim for being terminated for opposing racial discrimination; however, it is unclear to the Court, as well as the Defendants, under what theory Huggins is suing. Based on the language in her Complaint [1] and her Response [17], Huggins could be alleging a claim under retaliation, general discrimination, *or* both. The Court therefore finds that Huggins' Complaint [1] is ambiguous and fails to allow the Defendants to reasonably prepare a response.

"The Court possesses 'considerable discretion' when evaluating a Rule 12(e) motion." *Barnes v. Carpenter*, 2014 WL 6068943, at *2 (S.D. Miss. Nov. 13, 2014) (quoting *DVI Bus. Credit Corp. v. Crowder*, 193 F. Supp. 2d 1002, 1009 (S.D. Tex. 2002)). Utilizing this discretion, the Court finds that Huggins should file an amended complaint specifically articulating the theories of liability and causes of action pursuant to which she seeks relief. In reaching this conclusion, the Court again notes that Huggins' Complaint [1] does not lack factual detail, but a clearer articulation of the theories of liability is necessary.

*Conclusion*

For the reasons set forth above, the Defendant's Motion to Dismiss [4] is DENIED *without prejudice*. The Defendants' request for More Definite Statement is GRANTED. Huggins shall file an amended complaint within fourteen (14) days of today's date. Should Huggins fail to file an

amended complaint, the Court will dismiss this case without further notice.

      SO ORDERED this, the 21st day of March, 2023.

                                         /s/ Sharion Aycock
                                         UNITED STATES DISTRICT JUDGE